IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-32,523-02






EX PARTE KEVIN LEE RIVERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-2004-205266 IN THE 390TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
possession of more than one gram of cocaine and punishment was assessed at
confinement for two and a half years. There was no appeal from this conviction.

 Applicant contends that he is improperly being classified as not eligible for
mandatory supervision. The trial court has entered no findings of fact.

 It is this Court's opinion that additional facts need to be developed, and since this
Court cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum. The trial court may resolve those issues as
set out in Article 11.07, § 3(d), TEX.CODE CRIM.PROC., in that it may order affidavits,
depositions, or interrogatories from both the Criminal Institutions and Parole divisions of
the Texas Department of Criminal Justice, or it may order a hearing.

 If the trial court elects to hold a hearing the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant
desires representation by counsel, the trial court shall then appoint an attorney to represent
him at the hearing pursuant to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court shall make findings
of fact as to whether Applicant is classified as eligible for mandatory supervision and, if
not, the reason for such classification. If Applicant is deemed ineligible because he was
previously convicted of a disqualifying offense, the trial court shall also make findings as
to the designation of the offense underlying that prior conviction, the date it was
committed, and of the specific elements of that offense which Applicant was convicted of
committing. The trial court should also make any further findings of fact and conclusions
of law which it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 90 days of the date of this
order. (2) 




DELIVERED: February 8, 2006

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.